122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Emilio G. CANALES, Social Security Number dit-hu-jpgi
Plaintiff-Appellant,
v.
John J. CALLAHAN, Acting Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 96-35148.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 6, 1997**
Sept. 3, 1997.
 
 Appeal from the United States District Court for the Western District of Washington Thomas S. Zilly, District Judge, Presiding
 Before: WRIGHT, D.W. NELSON, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Emilio Canales appeals the district court's order affirming the Social Security Administration's decision to deny his application for disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we remand for further findings.
 
 
 3
 There is no dispute that Canales is unable to engage in his prior relevant work, but the ALJ determined that he was not disabled within the meaning of the Social Security Act because he had the residual functional capacity to pursue other types of gainful employment existing in the national economy. See 42 U.S.C. § 1382c(a)(3)(B). In his October 1993 decision, the ALJ found that Canales suffered from severe knee, back, and neck pain, obesity, diabetes, and a depressed mood, and that he was restricted to sedentary work. However, the ALJ relied on a vocational expert's testimony to conclude that Canales could perform bench assembly work.
 
 
 4
 The Appeals Council affirmed the decision of the ALJ, and Canales then brought an action in federal district court to challenge the final determination of the Secretary. The case was referred to a magistrate judge, who recommended affirming the denial of benefits. The district court adopted the magistrate judge's recommendation in its July 1995 decision, from which Canales timely appeals.
 
 
 5
 We review the district court's decision to uphold the Commissioner's denial of benefits de novo, Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996), and we must affirm if the Commissioner's determination is supported by substantial evidence. Flaten v. Secretary, 44 F.3d 1453, 1457 (9th Cir.1995).
 
 
 6
 On the record before us, we are unable to determine whether or not the ALJ's decision is supported by substantial evidence. Canales testified that his condition was improving. However, it is unclear whether Canales was referring to his mental or physical infirmities. If Canales meant that his mental condition was improving, then the vocational expert's testimony would actually suggest that Canales remains physically unable to maintain gainful employment insofar as Canales' physical maladies would cause him to miss between five and 14 days of work every month.
 
 
 7
 We therefore vacate the decision of the district court and instruct the court to remand this case to the Secretary in order to determine whether Canales' testimony refers to his mental or physical condition, and for determination of his eligibility for benefits based on his condition.
 
 
 8
 VACATED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3